LANDY ET, PLAINTIFFS-APPELLEES, *v.* WALLER, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26034.   Decided November 29, 1962.

*Mr. Robert Jaffe,* for plaintiffs-appellees.
*Mr. Irvin S. Haiman,* for defendant-appellant.

*Per Curiam.*   This appeal comes to this court on questions of law from a judgment entered for the plaintiffs based on the verdict of a jury by the Court of Common Pleas of Cuyahoga County.   The plaintiffs' action is one for money only based on a claim of fraud on the part of the defendant in not disclosing a probable special assessment against property involved in a sale of a ninety-nine year lease between the parties.

The plaintiffs purchased a ninety-nine year lease from the defendant, the property being situated on Lee Road at the intersection of Silsby Road in the City of Cleveland Heights.   By stipulation reduced to writing and made a part of the bill of exceptions, it is agreed that prior to June 10, 1957, the defendant (with other property owners in the neighborhood of defend-

418

ant's property) requested the "City of Cleveland Heights to install a parking area at the rear of premises located at the northeast corner of Lee Road, Silsby Road and Meadowbrook Boulevard in Cleveland Heights, Ohio." The installation was completed prior to June 10, 1957. The city passed an ordinance August 4, 1958, assessing the cost of the improvement upon the properties benefited of which assessment $7,339.55 was levied against the property here involved. The contract by which plaintiffs purchased the ninety-nine year lease was signed June 10, 1957, and possession accorded the purchasers January 1, 1958. Whether the petition for the improvement, signed by defendant, contained an agreement to assume a proportion of the cost of such improvement is not disclosed by the evidence. The petition was not presented. The verdict was for one-half of the assessment, that is $3,669.78.

It is the conclusion of this court that substantial justice was not afforded the defendant and that the judgment must be reversed for the following reasons:

First: That there is no evidence to support the amount of damages as returned by the verdict of the jury.

Second: That the judgment for the plaintiffs is against the manifest weight of the evidence.

The plaintiffs' claim of fraud against the defendant in not disclosing that a special assessment for the construction of a public parking lot for the neighborhood of the property purchased would subsequently be assessed in part against the defendant's property by councilmanic action of the City of Cleveland Heights must be established by clear and convincing proof. This the plaintiffs failed to do. The plaintiffs knew that the city had just completed the offstreet parking lot to serve business properties in the vicinity of the property purchased by the plaintiffs. The plaintiffs examined all of defendant's tax bills, which clearly showed that all taxes due to the date of purchase had been paid and that an assesment for such improvement had not been placed on the tax duplicate against the property. The representations of the defendant, as clearly demonstrated by the record, were that no assessments had been made at the time the sale was consummated, which representation was true. The procedural steps in providing this public improvement were

a matter of public record of which the plaintiffs are charged with and, as shown in the record, had notice.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.